UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| JOSEPH GARATEIX, | ) | NO. SACV 15-0795-FMO (JEM) |
| Petitioner, | ) | |
| v. | ) | ORDER SUMMARILY DISMISSING PETITION FOR WRIT OF HABEAS CORPUS |
| RONALD RACKLEY, Warden, | ) | |
| Respondent. | ) | |

On May 19, 2015, Joseph Garateix ("Petitioner"), a California state prisoner, filed a Petition for Writ of Habeas Corpus by a Person in State Custody pursuant to 28 U.S.C. § 2254 ("Petition"). For the reasons set forth below, the Petition is subject to summary dismissal.

Title 28 U.S.C. § 2254 empowers the Court to "entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Court need neither grant the habeas petition nor order a return if "it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243; see also Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4") ("If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."). "[U]nder § 2243 it is the duty of the court to screen out frivolous applications and eliminate the burden that would be placed on the respondent by ordering an

unnecessary answer."  Advisory Committee Notes to Rule 4, 1976 Adoption; see also Allen v. Perini, 424 F.2d 134, 141 (6th Cir.), cert. denied, 400 U.S. 906 (1970) (Under § 2243, "the District Court has a duty to screen out a habeas corpus petition which should be dismissed for lack of merit on its face.").

Petitioner seeks federal habeas relief based on the state courts' denial of resentencing under a 1997 conviction for possession of a firearm by a felon. (Petition at 2-6.) Petitioner asserts that he is eligible for resentencing under California Penal Code section 1170.126 ("§ 1170.126"), which amended California's Three Strikes Law in 2012 as it applies to certain convicted felons. (Id.) Petitioner contends the state courts erred in finding him ineligible for resentencing because his commitment offense is not a serious or violent felony and he was not armed during his commitment offense.  (Id. at 6.)  Thus, Petitioner argues he is entitled to a hearing to determine whether resentencing him as a second strike offender would pose an unreasonable risk to public safety.  (Id.)

Petitioner's claim is a state law claim that is not cognizable in this proceeding.  28 U.S.C. § 2254(a); Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); Engle v. Isaac, 456 U.S. 107, 119 (1982).  Alleged errors in the application of state sentencing laws are generally not cognizable on federal habeas review, Estelle, 502 U.S. at 67-68; Miller v. Vasquez, 868 F.2d 1116, 1118-19 (9th Cir. 1989), cert. denied, 499 U.S. 963 (1991); see also Bueno v. Hallahan, 988 F.2d 86, 88 (9th Cir. 1993) (per curiam) ("[S]entence enhancement on the basis of prior convictions . . . does not violate the Constitution."); Ely v. Terhune, 125 F.Supp.2d 403, 411 (C.D. Cal. 2000) (claim that trial court abused its discretion in refusing to strike one of petitioner's prior strikes is not cognizable in habeas corpus proceeding), and this is not changed merely because a petitioner vaguely invokes constitutional principles such as due process.  See Langford v. Day, 110 F.3d 1380, 1389 (9th Cir.), cert. denied, 522 U.S. 881 (1997) (The petitioner "may not . . . transform a state-law issue into a federal one merely by asserting a [constitutional] violation . . . .").  Moreover, this Court cannot second-guess the California Court of Appeal's determination under California law that the trial court properly found Petitioner ineligible for resentencing under § 1170.126. (Petition at 3-4); see Bradshaw v. Richey, 546 U.S. 74, 76 (2005) (per curiam) ("[A] state court's interpretation of

state law, including one announced on direct appeal of the challenged conviction, binds a federal court sitting in habeas corpus.") (citations omitted); Hicks on behalf of Feiock v. Feiock, 485 U.S. 624, 629-30 (1988) ("We are not at liberty to depart from the state appellate court's resolution of these issues of state law. Although petitioner marshals a number of sources in support of the contention that the state appellate court misapplied state law on these two points, the California Supreme Court denied review of this case, and we are not free in this situation to overturn the state court's conclusions of state law.") (footnote omitted). In sum, Petitioner's claim involves only an alleged error in the application of California law and is not cognizable on federal habeas review.

Based on the foregoing, IT IS ORDERED THAT the case shall be summarily dismissed without prejudice for failure to state a cognizable claim. See Rule 4; Local Rule 72-3.2; see, e.g., Cooper v. Supreme Court of California, 2014 WL 198708, at *1-*2 (C.D. Cal. 2014) (summarily dismissing petition challenging state court denial of application for resentencing under § 1170.126 because federal habeas relief is not available for alleged errors in the application and interpretation of state law); Johnson v. Spearman, 2013 WL 3053043, at *2 (C.D. Cal. 2013) (same).

DATED: May 28, 2015.

/s/
FERNANDO M. OLGUIN
UNITED STATES DISTRICT JUDGE

3